UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CATHY WHITE,

        Plaintiff,

v.

        Case Number 07-13415-BC
        Honorable Thomas L. Ludington

ACCRETIVE HEALTH,
IBTIHAJ I. RAJOULH, M.D.,
AYMAN AL-REJLEH, M.D.,

        Defendants.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS RAJOULH AND AL-REJLEH'S AFFIRMATIVE DEFENSES AND CANCELLING HEARING

On June 28, 2007, Plaintiff Cathy White filed a complaint against Defendants Accretive Health, Dr. Ibtihaj Rajoulh, and Dr. Ayman Al-Rejleh in state court, and the case was subsequently removed to this Court. On July 23, 2007, Defendants Rajoulh and Al-Rejleh filed affirmative defenses.

On November 9, 2007, Plaintiff filed a motion to strike those affirmative defenses. According to Plaintiff, it served Defendants Rajoulh and Al-Rejleh with a set of interrogatories on August 6, 2007, and those interrogatories raised many issues pertinent to those affirmative defenses. Plaintiff further alleges that Defendants Rajoulh and Al-Rejleh have not responded to these interrogatories and requests that they be stricken, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff also requests sanctions under Federal Rule of Civil Procedure 11.

Defendants Rajoulh and Al-Rejleh timely filed a response. There, they asserted that they had responded to Plaintiff's interrogatories. Indeed, they attach their responses as an exhibit, which is

dated October 10, 2007. Plaintiff has filed no reply and has provided no basis for contradicting Defendants Rajoulh and Al-Rejleh's assertion that they did respond to the interrogatories. Defendants Rajoulh and Al-Rejleh further argue that, as to Plaintiff's request for sanctions, Federal Rule of Civil Procedure 11 does not apply to discovery and Plaintiff did not observe the 21-day safe harbor of that rule. This argument and factual contention also goes unrebutted by Plaintiff.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Based on the foregoing, the Court is persuaded by the argument of Defendants Rajoulh and Al-Rejleh. The sole basis for Plaintiff's motion is contradicted by the fact that Defendants Rajoulh and Al-Rejleh did, in fact, respond to Plaintiff's interrogatories. Accordingly, the Court will deny Plaintiff's motion and grant Defendants Rajoulh and Al-Rejleh's request for reasonable expenses and attorneys' fees incurred in opposing the motion.

Accordingly, it is **ORDERED** that Plaintiff's motion to strike Defendants Rajoulh and Al-Rejleh's affirmative defenses [dkt #7] is **DENIED**. Plaintiff is **DIRECTED** to pay to Defendants Rajoulh and Al-Rejleh reasonable expenses and attorneys' fees incurred in opposing this motion.

It is further **ORDERED** that the hearing scheduled for **December 18, 2007** at 4:30 p.m. is **CANCELLED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 17, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2007.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS